UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS, | No. 2:21-cv-02291-CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| COVIN, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Currently pending before the court is defendants' motion to sever defendant Stewart from this action pursuant to Rule 21 of the Federal Rules of Civil Procedure. ECF No. 32. The motion has been fully briefed by the parties. ECF Nos. 37, 40. For the reasons discussed more fully below, the undersigned recommends granting defendants' motion and dismissing the claim against defendant Stewart without prejudice to being opened as a separate civil suit.

**I.     Factual and Procedural History**

In the complaint, plaintiff alleged that, while being escorted to his cell in handcuffs on March 17, 2020, defendant Colvin squeezed his left arm and dug his fingers into plaintiff's pre-existing arm wound.  Colvin also punched plaintiff twice in the lower back.  That same month, on

1 March 24, 2020, defendant Brooks grabbed plaintiff's genitalia and squeezed so hard that plaintiff
2 was in pain for weeks as a result. Plaintiff also alleged that defendant Stewart ordered medical
3 staff to remove a medical hold on plaintiff from November 29, 2021 until May 2022 which
4 resulted in the denial of plaintiff's scheduled cervical disc replacement surgery. Without this
5 needed surgery, plaintiff was left in extreme pain.
6       On April 1, 2022, this court screened plaintiff's complaint and found that he had properly
7 pleaded an excessive force claim against defendant Colvin; a sexual assault claim against
8 defendant Brooks; and a deliberate indifference claim against defendant Stewart, all in violation
9 of the Eighth Amendment. Plaintiff was given the option of proceeding on these claims or of
10 attempting to cure the defects with the remaining claims and defendants by filing an amended
11 complaint. ECF No. 11. On April 7, 2022, plaintiff filed his notice of election indicating his
12 intent to proceed on these Eighth Amendment claims against defendants Colvin, Brooks, and
13 Stewart. ECF No. 14.
14       Following service of process, defendants opted out of the early ADR pilot project and
15 filed an answer to the complaint. ECF Nos. 26, 30. A Discovery and Scheduling Order was
16 issued on December 23, 2022. ECF No. 31.
17       Defendants filed the pending motion to sever on April 7, 2023. ECF No. 32. In light of
18 defendants' request to dismiss the claim against defendant Stewart which would affect the scope
19 of discovery in this case, the court vacated all deadlines by order dated April 14, 2023. ECF No.
20 35. Since discovery had already commenced by that point, defendants filed a motion to stay all
21 discovery pending resolution of the motion to sever. ECF No. 39. The court granted the motion
22 to stay on June 20, 2023. ECF No. 44.
23       Defendants Colvin and Brooks assert that the claim against defendant Stewart should be
24 severed from the instant action because it does not arise out of the same transaction or occurrence
25 as the claims against them, nor does it raise a common question of law or fact. ECF No. 32-1 at
26 5. Moreover, "[t]he mere fact that Cortinas's claim against A.W. Stewart touches on the same
27 medical condition as that listed in his claim against Sergeant Colvin is insufficient to show that
28 the claims 'arise out of a systemic pattern of events' such as a common pattern or policy, and

share a 'very definite logical relationship.'" ECF No. 32-1 at 6 (citations omitted).

In opposition to the motion, plaintiff contends for the first time that defendant Stewart ordered plaintiff to be charged with a Rules Violation Report ("RVR") for submitting a sexual assault grievance against defendant Brooks. ECF No. 37 at 2. Plaintiff also contends that defendant Stewart ordered additional acts of retaliation against him since Stewart reviewed the use of force and sexual assault reports concerning defendants Colvin and Brooks. ECF No. 37 at 2. Plaintiff further argues that all of the events in the complaint "were related to the hunger strike plaintiff was on over the failure to provide [him] adequate medical care." Id.

By way of reply, defendants emphasize that plaintiff's declaration submitted in opposition consists of "entirely new assertions that do not show a logical connection or common question of law or fact between Cortinas's claims against Brooks and Colvin and those against Stewart." ECF No. 40 at 2.

## II. Legal Standard

Different defendants may be joined in a single action under Rule 20(a)(2) of the Federal Rules of Civil Procedure, if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and ... any questions of law or fact common to all defendants will arise in the action." To determine whether such joinder is appropriate, "courts must accept the factual allegations in a plaintiff's complaint as true." Gibson v. Rosati, No. 9:13-CV-00503 (GLS/TWD), 2014 WL 3809162, at *10 (N.D. N.Y. Aug. 1, 2014). The plaintiff bears the burden of demonstrating that these requirements of permissive joinder are satisfied. Id.

Unrelated claims against different defendants, however, must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. A district court has "broad discretion ... to make a decision granting severance…." Coleman v. Quaker Oats Co., 232 F.3d 1271, 1297 (9th Cir. 2000). In determining whether to sever a claim under Rule 21, the court may consider the following factors: "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims

3

present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." Broadcom Corp. v. Sony Corp., No. 16-1052 JVS (JCGx), 2016 WL 9108039, at *2 (C.D. Cal. Dec. 20, 2016) (citations omitted).

### III.     Analysis

In resolving the pending motion, the court first considers whether the claims arise out of the same transaction or occurrence. Deciding this question requires evaluating whether there is "similarity in the factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). The claim against defendant Stewart occurred over a year and a half after the events giving rise to the claims against defendants Colvin and Brooks and involve plaintiff's medical needs requiring surgery. Plaintiff's new allegations, raised for the first time in his opposition, do not establish any common transaction or occurrence linking the claims of all three defendants in this action. See Schneider v. California Dept. of Corrections, 151 F.3d 1194, 1197 n. 1 (holding that new allegations contained in an opposition to a 12(b)(6) motion are irrelevant because they are not part of the operative pleading that is the focus of the motion). For these reasons, the undersigned finds that the claim against defendant Stewart does not arise out of the same "transaction or occurrence." Coughlin, 130 F.3d at 1350. This factor therefore favors severance.

Next, the court considers whether the claims involve common questions of law or fact. The Ninth Circuit has held that the mere fact that multiple claims against different defendants "arise under the same general law does not necessarily establish a common question of law or fact." Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). That is true in this case where all three claims technically arise under the Eighth Amendment. However, the claim against defendant Stewart is based on deliberate indifference to plaintiff's serious medical need for surgery whereas the claims against the remaining two defendants are based on the application of physical force to plaintiff. There are no common causes of action that plaintiff asserts against all three defendants in this action that involve the same question of law. In this case, the only common fact between all three defendants is that the claims took place at CSP-Sac. That one fact

is not sufficient to tilt this factor against severance. As a result, this second factor favors severance of the claim against defendant Stewart.[1]

The principles of judicial economy would not be facilitated by joining defendant Stewart to this action. The discreet facts and legal standards applicable to the deliberate indifference claim against defendant Stewart will require the court's individualized attention. Therefore, judicial economy is not dispositive of the severance question.

Severing the claims would not prejudice any party. As defendants indicate, in the event of severance, plaintiff's claim against defendant Stewart would not be barred by the statute of limitations. See Rush v. Sport Chalet, Inc., 779 F.3d 973, 975 (9th Cir. 2015) (emphasizing that prejudice includes the "loss of otherwise timely claims if new suits are blocked by statutes of limitations."). Therefore, plaintiff would not be prejudiced by severance. As explained in their motion, defendants also would not be prejudiced by severance. Thus, because no party would be prejudiced by severance, the fourth factor weighs in favor of severing the claims.

Lastly, the witnesses and other evidence will be unique to the claims against defendant Stewart because they involve plaintiff's medical need for surgery. Medical experts and testimony may be necessary in the deliberate indifference claim against Stewart, but would not be required to establish the use of excessive force or sexual assault against Colvin and Brooks. Therefore, the fifth factor also favors severing defendant Stewart from this action.

Having determined that defendant Stewart was improperly joined to the present action, severance is warranted. "An accepted practice under Rule 21 is to dismiss the parties that have been improperly joined. Dropping a defendant for improper joinder operates as a dismissal without prejudice." Heritage Pacific Financial, LLC v. Cole, No. CV 10-0394 PSG (JEMx), 2010 WL 1838106, at *3 (C.D. Cal. May 3, 2010) (citations omitted). Such a dismissal is "without prejudice to the institution of new, separate lawsuits...." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). Therefore, the undersigned recommends dismissing the claim against defendant Stewart without prejudice.

---

[1] Based on these first two factors alone, plaintiff has not demonstrated that permissive joinder of defendant Stewart is appropriate. See Fed. R. Civ. P. 20(a)(2).

### IV. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

Because the type of claim against defendant Stewart is different and because it occurred a year and a half after the claims against the other two defendants, it should be pursued in a separate case. The undersigned is recommending that the claim against defendant Stewart be dismissed without prejudice and opened as a new case in this district.

If you disagree with this recommendation, you have 14 days to explain why it is not correct. Label your explanation "Objections to Findings and Recommendations." The district judge assigned to your case will review the matter and make the final decision in a written order.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that:

1. Defendants' motion to sever (ECF No. 32) be granted.
2. The Eighth Amendment deliberate indifference claim against defendant Stewart be severed from the present action.
3. The Clerk of Court be directed to assign a new case number to the Eighth Amendment deliberate indifference claim against defendant Stewart.
4. The same magistrate judge be assigned to the new action in the interest of judicial economy.
5. The filings from case No. 2:21-cv-2291 be included on the docket of the new civil action that is opened.
6. The filing fee for the new civil action be waived in accordance with Rule 21 of the Federal Rules of Civil Procedure.
7. The stay of this case be lifted and the matter referred to the magistrate judge for the purpose of resetting the discovery and dispositive motions deadlines governing this case.

/////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 4, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/cort2291.sever