UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY WILLIAM CORTINAS,

Plaintiff,

v.

STEWART,

Defendant.

No. 2:24-cv-0130 DAD CKD P

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S JUNE 4, 2026 DISMISSAL ORDER

(Doc. No. 74)

Plaintiff Larry William Cortinas, is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 31, 2025, the assigned magistrate judge issued findings and recommendations recommending that this action be dismissed due to plaintiff's failure to pay the required filing fee in connection with this action after his *in forma pauperis* status was revoked on September 22, 2025. (Doc. No. 72.; *see also* Doc. No. 71.) Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 1.) Plaintiff filed no objections to those findings and recommendations within the time provided. On June 4, 2026, the court issued an order adopting the findings and recommendations in full and dismissing this action due to plaintiff's failure to pay the required filing fee. (Doc. No. 72.)

Two months later, on August 4, 2026, the court received plaintiff's request for reinstatement of this action. (Doc. 74.) The court will construe that filing as plaintiff's motion for reconsideration of the court's June 4, 2026 order dismissing this action. In the pending motion for reconsideration plaintiff represents that he is indigent and that he qualifies under the imminent danger exception of 28 U.S.C. § 1915(g) and should have been allowed to proceed *in forma pauperis* despite having suffered three or more strike qualifying prior dismissal orders. (Doc. No. 74.) Specifically, in his declaration filed in support of his motion for reconsideration plaintiff states that in March 2026 he "was assaulted and almost killed," that he was hospitalized, when returned to prison he advised prison officials in February 2026 that his life was in danger, that prison staff targeted him for filing inmate grievances, that he is not receiving legal mail, that his medical condition is worsening, that one of his prior dismissal orders should not have been counted as a strike under § 1915(g), and his claim asserted in this case has merit. (*Id.* at 2–3.)

The arguments advanced by plaintiff do not support reconsideration of the court's June 4, 2026 order dismissing this action due to plaintiff's failure to pay the required filing fee. First, plaintiff's arguments in support of reconsideration are untimely. Defendant moved to revoke plaintiff's *in forma pauperis* status back on November 1, 2024. (Doc. No. 57.) In response, plaintiff did not claim that he fell within the imminent danger exception under § 1915(g). (*See* Doc. No. 65.) When the findings and recommendations were subsequently issued recommending dismissal of this action due to his failure to pay the required filing fee as ordered, plaintiff filed no objections thereto. Instead, two months after the court adopted those findings and recommendations, dismissed this action and entered judgement (Doc. Nos. 72, 73), plaintiff has moved for reconsideration, for the first time arguing that he qualifies under the imminent danger exception. The court finds that plaintiff's motion for reconsideration was not filed within a reasonable time and is properly denied on that basis. *See Lennox v. City of Sacramento*, 2:21-cv-02075-DAD-CSK, 2025 WL 268455, at *3 (E.D. Cal. Jan 22, 2025).

Even if considered on the merits, plaintiff's motion for reconsideration fails. Plaintiff has not addressed why the facts or circumstances he now relies upon were not shown at the time of defendant's motion to revoke his *in forma pauperis* status or following the magistrate judge's

issuance of the findings and recommendations as is required by Local Rule 230(j)(4). Moreover, plaintiff's complaint was filed in this action on December 13, 2021 (Doc. No. 1), and yet his motion asserts in conclusory fashion conditions he claims pose an imminent danger to him in 2026. However, to qualify under the imminent danger exception a prisoner must plausibly allege that he was "under imminent danger of serious physical injury" at the time he lodged his complaint. *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007). Finally, "in order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022). Plaintiff has made no attempt to satisfy this nexus requirement in his pending motion and no such nexus appears to exist.

For the reasons explained above, plaintiff's motion for reconsideration (Doc. No. 74) of the court's June 4, 2026 order dismissing this action is denied. No further filings in this closed case will be entertained by the court.

IT IS SO ORDERED.

Dated: **August 17, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE